**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

BITPANDA GMBH,

        Plaintiff,

v.

Bitpanda, Inc. and Does 1 through 10,

        Defendants.

```
┌──────────────────────────────────┐
│ USDC SDNY                         │
│ DOCUMENT                          │
│ ELECTRONICALLY FILED              │
│ DOC #:_____              │
│ DATE FILED: 11/20/2025            │
└──────────────────────────────────┘
```

Case No. 25-cv-8961

**TEMPORARY RESTRAINING
ORDER AND ORDER ALLOWING
EXPEDITED DISCOVERY**

**WHEREAS**, the Court, having considered Bitpanda GmbH ("Bitpanda") Complaint, Motion and Memorandum of Law in Support of Motion for a Temporary Restraining Order, and the Declarations of Stephen Ward, Fabian Reinisch, and Nathan Swire, including the exhibits attached to those Declarations,[1] all filed in support of a request for a temporary restraining order and an order allowing expedited discovery (the "TRO Application"), and good cause being shown therefor, makes the following findings of fact and conclusions of law:

<u>THE COURT HEREBY FINDS THAT</u>

<u>Jurisdiction and Venue</u>

1.    The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

---

[1] Where a defined term is referenced but not defined in this document, the defined term should be understood as it is defined in the Complaint.

2.    This Court has personal jurisdiction over Defendants Bitpanda Inc. and Does 1-10 ("Defendants") because they have purposefully availed themselves of the privilege of conducting business in New York, and are copying Bitpanda's mark and name (the "BITPANDA Mark") within New York. *See* Complaint ¶ 7; Memorandum in Support of Temporary Restraining Order; Order to Show Cause for Preliminary Injunction; and Order Allowing Expedited Discovery ("Mem."), at 6-7.

3.    Venue is proper in the Southern District of New York (see 28 U.S.C. § 1391) because a substantial part of the events giving rise to Bitpanda's claims occurred in this District, because Defendants threaten Bitpanda's reputation and goodwill in the District, and because Defendants purports to have their place of business in the District. *See* Complaint ¶ 8.

4.    The Complaint pleads sufficient facts and states claims against Defendants for:

a.    false designation of origin and unfair competition in violation of the Lanham Act, Section 43(a) (15 U.S.C. §1125(a) (Count I);

b.    unfair competition in violation of New York common law (Count II); and

c.    misuse of name with intent to deceive (New York General Business Law § 133) (Count III)

**Likelihood of Success on the Merits of Bitpanda's Claims in the Complaint**

5.    Bitpanda is likely to succeed on the merits of its Lanham Act Section 43(a) claim because Bitpanda has shown:

a.    Bitpanda is the owner of the distinctive BITPANDA Mark, which is protectible in the United States. Mem. at 1-2. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2d Cir. 1976); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697 (4th Cir. 2016).

b.   Bitpanda is likely to show Defendants are using the BITPANDA Mark in commerce, or at the very least that such use is imminent and impending.  Mem. at 9-10; *Essie Cosmetics, Ltd. v. Dae Do Int'l, Ltd.*, 808 F.Supp. 952, 957 (E.D.N.Y.1992).

c.   Bitpanda has a well-justified fear that Defendants' use of the BITPANDA Mark is likely to harm its reputation in goodwill in New York and the United States, and thereby damage its sales and global brand.  Mem. at 10-11.  *Belmora*, 819 F.3d 697.

d.   Defendants' use of the BITPANDA mark is likely to lead to consumer confusion. Mem. at 11-12.  *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961).  In particular, Bitpanda is likely to show that Defendants are intentionally imitating the BITPANDA Mark in bad faith for the purpose of defrauding consumers. Mem. at 15-16.  *Paddington Corp. v. Attiki Imps. & Distribs.*, 996 F.2d 577 (2d Cir. 1993); *Tulis v. Gordos North Rest. Corp. (In re Gordos Rest. Corp.)*, 643 B.R. 1, 28 (S.D.N.Y. Bankr. 2022).

6.   Bitpanda is likely to succeed on the merits of its New York Unfair Competition claim because Bitpanda has shown:

a.   The elements of the New York Unfair Competition claim mirror Bitpanda's Lanham Act Section 43(a) claim, and Defendants' misappropriation of the BITPANDA mark is likely to lead to consumer confusion.  Mem. at 13; *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448 (S.D.N.Y. 2005).

b.   Bitpanda has protectible reputation and goodwill in New York, and Defendants' misuse of the BITPANDA mark is likely to harm Bitpanda's reputation and goodwill in New York.  *ITC Ltd. v. Punchgini, Inc.,* 9 N.Y.3d 467 at (2007).

3

    c.  Bitpanda is likely to show that Defendants are intentionally imitating the BITPANDA Mark in bad faith.  Mem. at 9-10; *Paddington Corp.*, 996 F.2d 577.

7.    Bitpanda is likely to succeed on the merits of its Misuse of Name with Intent to Deceive claim because Bitpanda has shown:

    a.  Defendants used Bitpanda's name.  Mem. at 4. *L & L Wings, Inc. v. Marco-Destin, Inc.*, 676 F. Supp. 2d 179 (S.D.N.Y. 2009).

    b.  Defendants' use of Bitpanda's name was in bad faith with the intent of deceiving the public, including the public in New York.  *Id.*

## Irreperable Harm

8.    Bitpanda has established it will suffer immediate, irreparable harm if this Court denies its application for a temporary restraining order.  Specifically, it has shown that it has strong reputation and goodwill in the BITPANDA Mark, established due to Bitpanda's lengthy and highly-publicized use of that mark in connection with Bitpanda's authentic goods and services.  Compl. ¶¶ [16-18]; Mem. at 3.

9.    Defendants are exploiting Bitpanda's reputation and goodwill for the purpose of tricking consumers into thinking that Defendants are affiliated with, authorized by, or are Bitpanda, when they are not.   Compl. ¶¶ [38-41]; Mem. at 3-6.  Defendants are doing so for the purpose of defrauding consumers, and thus threaten consumer safety.  Compl. ¶¶ [42-43].

10.    Defendants' unauthorized use of the BITPANDA Mark is likely to result in Bitpanda's loss of control over its reputation and goodwill.  Monetary damages are inadequate to compensate for this harm to goodwill and reputation.  *Really Good Stuff, LLC v. BAP Invs., L.C.*, 813 F. App'x 39 (2d Cir. 2020); *NYP Holdings v. N.Y. Post Publ. Inc.*, 63 F. Supp. 3d 328 (S.D.N.Y. 2014).

### Balance of the Hardships

11.     Bitpanda has shown that the balance of hardships tips in its favor.

12.     Bitpanda has a protectable legal interest in protecting its reputation and goodwill in the BITPANDA Mark.  By contrast, Defendants will suffer no legally cognizable hardship in refraining from their unlawful imitation and appropriation of the BITPANDA Mark.  *3M Co. v. Performance Supply, LLC*, 458 F. Supp. 3d 181 (S.D.N.Y. 2020); *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275 (2d Cir. 2012).

### Public Interest

13.     Bitpanda has shown that the public interest favors granting its request for a temporary restraining order. While the public has an interest in avoiding deception in the marketplace in general, it has a particularly strong interest in being protected from financial scams. *NYP Holdings v N.Y. Post Publ'g Inc.*, 63 F. Supp. 3d 328 (S.D.N.Y. 2014); *Wisdomtree, Inc. v. Does*, No. 25-cv-194, 2025 U.S. Dist. LEXIS 27586 (S.D.N.Y. Feb. 12, 2025).

### Good Cause for Account and Asset Freeze

14.     The Court also finds good cause to freeze Defendants' access to the accounts and instrumentalities used to carry out their unlawful scheme.  Absent such a freeze, Defendants are likely to remove all discoverable assets necessary to satisfy a judgment against them.  *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 39–40 (S.D.N.Y. 2022).

### Good Cause for Expedited Discovery

15.     The Court also finds good cause to grant expedited discovery.

16.     The Defendants have succeeded in their scheme, in part, because the Defendants operate anonymously online.  Discovery into Defendants' banks and payment systems will also assist in containing Defendants' unlawful activity. Further, Defendants' financial scams that

Defendants sponsor rely on informal and non-public communication methods that are likely not discoverable absent court-ordered discovery. Thus, there is good cause to grant expedited discovery. Fed. R. Civ. P. 26(b)(2); *Next Phase Distrib., Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012).

## ORDER

Based on the foregoing facts and conclusions of law, the TRO Application is hereby GRANTED as follows:

## TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT**, pending the above-referenced hearing, or such other date as may be fixed by the Court, Defendants Bitpanda Inc. and John Does 1-10, inclusive (collectively, "Defendants"), their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them are hereby immediately **TEMPORARILY RESTRAINED** from:

1.      Operating any business, entity, website, or social media account that purports to originate from Bitpanda or to be sponsored or licensed by or affiliated with Bitpanda, or that comprises of or contains the trademark or designation BITPANDA or any variation that is confusingly similar with or likely to dilute the BITPANDA name or mark;

2.      Registering or using any trademark, trade name, business name, domain name, or another designation comprised of or containing BITPANDA or any variation that is confusingly similar to the BITPANDA name or mark;

3.      Maintaining any registrations with any authorities that use names comprised of or containing BITPANDA or any confusingly similar variations, including but not limited to registrations with the Financial Crimes Enforcement Network and Colorado Secretary of State.

4.      Using in connection with Defendants' services, goods, or any other activities, any false or deceptive designations, representations, or descriptions likely to deceive consumers into believing that Defendants or their products or services emanate from or are licensed, approved, or sponsored by Bitpanda;

5.      Selling, passing off, inducing, or enabling others to sell or pass off any services as Bitpanda's services, or as offered or approved by Bitpanda;

6.      Affixing, applying, annexing, or using in connection with the sale of any services or products, a false description or representation including words or other symbols tending to falsely describe or represent such products or services as Bitpanda's products or services and from offering such products or services in commerce;

7.      Destroying and/or failing to preserve any products or services, or products or services using any trademark, trade name, or designation comprised of or containing BITPANDA or any variations that are confusingly similar to the BITPANDA name or mark, or any records related to the offering, promotion, advertising, sale or distribution of any services and/or products purporting to be Bitpanda's.

8.      Assisting, inducing, enabling, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs 1-7 above; and

**IT IS FURTHER ORDERED THAT**, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, their officers, directors, owners, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring,

withdrawing, or disposing of any money or other asset into or out of accounts held by, associated with, or utilized by the Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

**IT IS FURTHER ORDERED THAT**, any banks, savings and loans associations, payment processors or other financial institutions for Defendants, receiving actual notice of this Order by personal service or otherwise, shall immediately locate all accounts held by or connected with Defendants, and any such accounts shall be temporarily restrained and enjoined from transferring or disposing of any assets in those accounts until further ordered by this Court.

**IT IS FURTHER ORDERED THAT** Defendant shall cooperate with any state or federal government agency with whom Defendants have registered any trademark, trade name, business name, domain name, or another designation containing BITPANDA or any confusingly similar variations to suspend that registration, and remove it from public viewing, pending the outcome of these proceedings.

**IT IS FURTHER ORDER THAT** Defendants shall notify and take all corrective measures toward any consumers or third parties to whom they have offered, advertised, or sold their services, or with whom they have interacted in connection with the BITPANDA Mark.

**IT IS FURTHER ORDERED** that upon two (2) business days' written notice to the Court and Bitpanda's counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

## <u>EXPEDITED DISCOVERY</u>

**IT IS FURTHER ORDERED THAT**, under Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Bitpanda shall be entitled to conduct expedited discovery from all Defendants as follows:

1.      Bitpanda may serve interrogatories under Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service on Defendants or their counsel.

2.      Bitpanda may serve requests for the production of documents under Rules 26 and 34 of the Federal Rules of Civil Procedure, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service on Defendants or their counsel.

3.      Service of these discovery requests on Defendants shall be deemed good and sufficient if made personally, or if made upon a person over the age of 18 apparently in charge of a Defendant's purported business premises, or upon counsel, should counsel appear for a Defendant in this action.  Service of such discovery requests on Defendants may also be made by first-class mail, in which case the Defendants shall have fourteen (14) days from the date of mailing to respond to the discovery requests.

4.      All Defendants shall additionally provide witnesses for deposition, under Rule 30 of the Federal Rules of Civil Procedure, not later than five (5) days after Bitpanda serves them with notices of deposition.  Service of the deposition notices on Defendants shall be deemed good and sufficient if made personally, or if made upon a person over the age of 18 apparently in charge of a Defendant's purported business premises, or upon counsel, should counsel appear for a Defendant in this action.  Service on Defendants may also be made by first-class mail, in which case Defendants shall have seven (7) days from the date of mailing to produce the witness(es) called for by the deposition notice(s).

**IT IS FURTHER ORDERED THAT**, pending the final disposition of all claims in this action, all Defendants shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action or any of the claims asserted herein and maintain them in an accessible form and place.

**IT IS FURTHER ORDERED THAT** under Rule 45 of the Federal Rules of Civil Procedure, Bitpanda shall be entitled to conduct expedited discovery, including upon third parties, for the purpose of obtaining the following information:

1. All names, physical addresses, email addresses, Internet Protocol addresses, social media accounts, and location of operations associated with Defendants, as well as any officers, directors, owners, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with Defendants.

2. Any and all known registered entities or businesses owned, registered, or used by the Defendants, as well as any officers, directors, owners, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with Defendants.

3. All documentation submitted in association with any registration or application by Defendants related to the name "Bitpanda Inc." or otherwise related to the BITPANDA name or mark with any federal or state government entity, including the Financial Crimes Enforcement Network, the Internal Revenue Service, or any secretary of state office.

4. All documents held by, and communications to or from, Defendants, as well as any officers, directors, owners, agents, employees, representatives, successors or assigns,

10

and all persons acting in concert or in participation with Defendants, containing or using the BITPANDA mark or any variations that are confusingly similar to the BITPANDA name or mark.

5. Any and all bank, payment processing, or other financial accounts owned or controlled by Defendants, including such accounts residing with or under the control of any banks, savings and loan associations, merchant account providers, payment processors and providers, credit card associations, or other financial institutions that receive or process payments or hold assets on Defendants' behalf, including Visa, Mastercard, American Express, Discover or other credit cards, PayPal, Western Union, Coinbase, bank or other third-party payment processing service provider or platform.

6. All bank accounts, money, and other assets held by, associated with, or utilized by the Defendants in connection with the Bitpanda Inc. business, name, or operations, and all records associated with these bank accounts, money, and other assets.

## **BOND**

**IT IS FURTHER ORDERED THAT** a bond or undertaking in the amount of $2,500 be posted with the Clerk of Court by Bitpanda on or before December 5, 2025.

**SO ORDERED.**

Dated:    20 November 2025
          New York, New York

Victor Marrero
U.S.D.J.