**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

BITPANDA GMBH,

        Plaintiff,

v.

Bitpanda, Inc. and Does 1 through 10,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2025

Case No. 25-cv-08961

**JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter having come before the Court on Plaintiff Bitpanda GmbH's ("Bitpanda") Motion for Default Judgment, under Federal Rules of Civil Procedure 55 and 65; and this Court having reviewed the papers and proceedings in support of that Motion, including Bitpanda's Complaint, Memorandum of Law in support of the Motion, and the Declaration of Nathan Swire, along with accompanying exhibits; and this Court being fully satisfied that the Defendants were properly served with summonses, the Complaint [Dkt. 1] and all other pertinent papers and proceedings in this action, and failed to respond as required under Federal Rule of Civil Procedure 12; and good cause being shown, makes the following findings of fact and conclusions of law:

**THE COURT HEREBY FINDS THAT**

**Jurisdiction and Venue**

1.      The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

2.      This Court has personal jurisdiction over Defendants Bitpanda, Inc. and Does 1 through 10 ("Defendants") because they have purposefully availed themselves of the privilege of conducting business in New York, and are copying Bitpanda's mark and name (the "BITPANDA

1

Mark") within New York. *See* Complaint ¶ 7; Memorandum in Support of Motion for Default Judgment ("Mem."), at 5.

3.    Venue is proper in the Southern District of New York (see 28 U.S.C. § 1391) because a substantial part of the events giving rise to Bitpanda's claims occurred in this District, because Defendants threaten Bitpanda's reputation and goodwill in the District, and because Defendants purport to have their place of business in the District.  *See* Complaint ¶ 8.

4.    The Complaint pleads sufficient facts and states claims against Defendants for:

    a.    False designation of origin and unfair competition in violation of the Lanham Act, Section 43(a) (15 U.S.C. §1125(a) (Count I) (Mem. at 9-12);

    b.    Unfair competition in violation of New York common law (Count II) (Mem. at 12-14); and

    c.    Misuse of name with intent to deceive (New York General Business Law § 133) (Count III) (Mem. at 14).

5.    The Court finds that Bitpanda has established each of the factors required for a permanent injunction, namely (1) Bitpanda has shown it is entitled to injunctive relief under the Lanham Act, and (2) Bitpanda has met the prerequisites for issuance of an injunction showing actual success on the merits of its claims and irreparable harm. 15 U.S.C. § 1116; *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07-cv-1784, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (internal quotation omitted); *see also Gucci Am., Inc. v. Tyrrell-Miller*, 678 F. Supp. 2d 117, 120 (S.D.N.Y. 2008) (quoting *Gucci Am., Inc. v. Duty Free Apparel, Inc.*, 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003)).

Based on the foregoing facts and conclusions of law, Bitpanda's Motion for Default Judgment is hereby **GRANTED** as follows:

## <u>ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

**IT IS HEREBY ORDERED** that:

1.	Bitpanda's Motion for Default Judgment is **GRANTED**.

2.	Under Federal Rule of Civil Procedure 55(b)(2), default judgment is hereby entered against each Defendant for each and all of the Counts alleged in Bitpanda's Complaint, namely:

a.	False designation of origin and unfair competition in violation of the Lanham Act, Section 43(a) (15 U.S.C. §1125(a) (Count I);

b.	Unfair competition in violation of New York common law (Count II); and

c.	Misuse of name with intent to deceive (New York General Business Law § 133) (Count III)

3.	Under Federal Rule of Civil Procedure 65, Defendants Bitpanda, Inc. and John Does 1 through 10, inclusive (collectively, "Defendants"), their affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them ("Restrained Parties"), are hereby permanently enjoined and restrained from, directly or indirectly, anywhere in the world:

a.	Operating any business, entity, website, or social media account that purports to originate from Bitpanda or to be sponsored or licensed by or affiliated with Bitpanda, or that comprises of or contains the trademark or designation BITPANDA or any variation that is confusingly similar with or likely to dilute the BITPANDA name or mark;

b.	Registering or using any trademark, trade name, business name, domain name, or another designation comprised of or containing BITPANDA or any variation that is confusingly similar to the BITPANDA name or mark;

3

c.  Maintaining any registrations with any authorities that use names comprised of or containing BITPANDA or any confusingly similar variations, including but not limited to registrations with the Financial Crimes Enforcement Network and Colorado Secretary of State.

d.  Using in connection with Defendants' services, goods, or any other activities, any false or deceptive designations, representations, or descriptions likely to deceive consumers into believing that Defendants or their products or services emanate from or are licensed, approved, or sponsored by Bitpanda;

e.  Selling, passing off, inducing, or enabling others to sell or pass off any services as Bitpanda's services, or as offered or approved by Bitpanda;

f.  Affixing, applying, annexing, or using in connection with the sale of any services or products, a false description or representation including words or other symbols tending to falsely describe or represent such products or services as Bitpanda's products or services and from offering such products or services in commerce;

g.  Destroying and/or failing to preserve any products or services, or products or services using any trademark, trade name, or designation comprised of or containing BITPANDA or any variations that are confusingly similar to the BITPANDA name or mark, or any records related to the offering, promotion, advertising, sale or distribution of any services and/or products purporting to be Bitpanda's.

h.  Assisting, inducing, enabling, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred to in subparagraphs (a)-(g) above.

4.      Upon service of this Order, the Defendants and other Restrained Parties shall be deemed to have actual notice of the issuance and terms of the permanent injunction, and any act by any of the Restrained Parties in violation of any of the terms of the permanent injunction may be considered and prosecuted as contempt of Court, and such other, further relief this Court deems just and proper.

5.      In the event Bitpanda identifies an additional business, entity, website, or social media account in connection with Defendants' unlawful operation, Bitpanda may move the Court for an order modifying this injunction as appropriate.

**IT IS FURTHER ORDERED THAT** Defendants shall cooperate with any state or federal government agency with whom Defendants have registered any trademark, trade name, business name, domain name, or another designation containing BITPANDA or any confusingly similar variations to suspend that registration, and remove it from public viewing.

**IT IS FURTHER ORDERED THAT** the Court hereby releases the security in the amount of $2,500 that was posted by Bitpanda in connection with the temporary restraining order.

**IT IS FURTHER ORDERED THAT** Bitpanda may serve this Order, and any additional case filings in this Action upon all Defendants by registered mail pursuant to the Court's Order granting the motion requesting alternative service by registered mail identified at Dkt. 24.

**IT IS FURTHER ORDERED THAT** Defendants shall immediately either (1) withdraw all registrations with any state or federal government agency that contain the BITPANDA name or mark, or (2) change the name on all registrations with any state or federal government agency to one that does not contain BITPANDA or any confusingly similar variations.

**IT IS FURTHER ORDERED THAT** Defendants shall immediately cooperate with any state or federal government agency with whom Defendants have registered any trademark, trade

name, business name, domain name, or another designation containing BITPANDA or any confusingly similar variations to immediately revoke that registration and remove it from public availability.

**IT IS FURTHER ORDERED THAT** Defendants shall immediately notify and take all corrective measures toward any consumers or third parties to whom they have offered, advertised, or sold their services, or with whom they have interacted in connection with the BITPANDA Mark.

**IT IS FURTHER ORDERED THAT** Defendants shall within 14 days file with this Court and serve on Bitpanda's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

**SO ORDERED**.

Dated:          22 December 2025
                New York, New York

Victor Marrero
U.S.D.J.

6